## CASE ANNOUNCEMENTS
*April 18, 2008*

[Cite as *04/18/2008 Case Announcements #2,* 2008-Ohio-1846.]

## MISCELLANEOUS ORDERS

## BEFORE THE COMMISSION OF FIVE JUDGES
## APPOINTED BY
## THE SUPREME COURT OF OHIO

In re Judicial Campaign Complaint          Case No. 2008–0516
   Against Paulette Lilly

## OPINION

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11. The commission members are: Judges Jeffrey E. Froelich, chair; Lillian Greene; Frederick Hany; Dana Preisse; and Russell Steiner.

Complainant in this matter is attorney Kraig Brusnahan. The respondent, Paulette Lilly (Attorney Registration No. 0021404), was, at the time the complaint was filed, a judicial candidate seeking election to the Lorain County Court of Common Pleas, Domestic Relations Division, for a term commencing February 9, 2009. Prior to the hearing on this matter, respondent was defeated at the March 4, 2008 primary election. Respondent previously served two full terms from January 1995 until January 2007 as a judge of the Lorain County Court of Common Pleas, Domestic Relations Division. Although respondent was elected in 1994 and 2000 as the Republican nominee, she sought the Democratic nomination in the 2008 primary election.

Complainant filed a judicial campaign grievance, dated February 19, 2008, in which complainant cited seven instances in which respondent allegedly violated Canon 7 of the Code of Judicial Conduct through the publication and circulation of false, misleading, or deceiving campaign materials or other public statements. The grievance included copies of campaign materials and newspaper articles related to the violations alleged in the grievance.

The Board of Commissioners on Grievances and Discipline ("Board") appointed a probable cause panel to review the grievance. The panel concluded that probable cause existed with respect to six of the allegations made by complainant and directed the Secretary of the Board to prepare and file a formal complaint consistent with the probable cause determinations. On February 27, 2008, the Secretary filed a formal complaint alleging that respondent had published and circulated campaign materials, the content of which violated Canons 7(B)(1)(f), (B)(2)(f), (D)(1), (D)(3), and (D)(4).

The Board convened a three-member hearing panel, which conducted a hearing on the formal complaint on March 5, 2008. On March 12, 2008, the hearing panel issued a Report of Findings and Recommendations. The hearing panel found, by clear and convincing evidence, that respondent committed four separate violations of Canon 7. The hearing panel recommended that respondent be fined $100 for each of the four violations, that respondent be assessed costs of the proceedings, and that the payment of costs be suspended.

On March 19, 2008, the Supreme Court of Ohio appointed this five-judge commission to review the report of the hearing panel pursuant to Gov.Jud.R. II(5)(E)(1). The commission was provided with the record certified by the Board, including the transcript of the March 5, 2008 hearing and the exhibits admitted into evidence. The commission also received a letter from respondent's counsel, dated March 27, 2008, in which he stated that the respondent waived any objections to the hearing panel's findings and recommendations. On April 2 and 17, 2008, the commission conducted telephone conferences during which it deliberated on this matter.

Pursuant to Gov.Jud.R. II(5)(E)(1), the commission is required to independently determine whether clear and convincing evidence exists to support a finding that respondent committed the violations of Canon 7 alleged in Counts I through VI of the formal complaint. We will proceed with a review of each Count and the findings of the hearing panel.

**Count I**

Count I of the formal complaint relates to respondent's distribution of campaign material in the form of a prepackaged, moistened towelette with a sticker applied to one side of the package that read:

Re-elect<br>
FOR JUDGE<br>
Paulette<br>
**LILLY**

The word "FOR" was handwritten in ink on the sticker, and the other words appear to be printed. Complainant alleged that this label violates Canon 7(D)(3), which provides:

**(D) Campaign Standards.** During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall not knowingly or with reckless disregard do any of the following:

\* \* \*

(3) Use the term "judge" when the judicial candidate is not a judge unless that term appears after or below the name of the judicial candidate and is accompanied by either or both of the following:

(a) The words "elect" or "vote," in prominent lettering, before the judicial candidate's name;

(b) The word "for," in prominent lettering, between the name of the judicial candidate and the term "judge."

The hearing panel concluded that the wording on the label affixed to the towelette package was not in the order required by Canon 7(D)(3) and that there was clear and convincing evidence of a violation of this canon. We agree with this conclusion and find the existence of clear and convincing evidence that respondent violated Canon 7(D)(3) by distributing campaign materials that contained wording contrary to the very clear requirements of the canon. Although this violation may be characterized as "technical," the Supreme Court has imposed this very specific and direct requirement on judicial candidates for the purpose of avoiding instances, such as this, where the order of words used in a campaign communication, especially in combination with other wording and/or pictures, can lead a reasonable person to believe that the person identified therein is a sitting judge.

### Count II

Count II of the formal complaint alleges that the same prepackaged, moistened towelette cited in Count I violates Canon 7(D)(1), which reads as follows:

**(D) Campaign Standards.** During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of campaign materials, including sample ballots, an advertisement on radio or television or a in newspaper or periodical, a public speech, press release, or otherwise, shall not knowingly or with reckless disregard do any of the following:

\* \* \*

(1) Use the title of an office not currently held by a judicial candidate in a manner than implies that the judicial candidate does currently hold that office.

We concur in the hearing panel's finding that wording of the label violates Canon 7(D)(1). By placing the word "JUDGE" immediately before her name, especially in combination with other wording and/or pictures, respondent conveys the suggestion that she is a sitting judge who seeks to continue her judicial service. Thus, we find clear and convincing evidence of a violation of Canon 7(D)(1).

## Count III

Count III of the formal complaint again references the wording that appeared on the prepackaged towelette as well as newspaper advertisements and post cards that included the phrase "Re-elect Democrat Paulette Lilly for Judge Domestic Relations Court." The complaint alleges that use of the word "re-elect" in these communications constitutes a knowing misrepresentation of the judicial office previously held by respondent compared to the office to which she sought nomination in March 2008. Therefore, the respondent's use of these materials is a violation of Canons 7(B)(2)(f) and (D)(4). Those provisions read as follows:

**(B) Political and Campaign Conduct in General.**

\* \* \*

(2) A judge or judicial candidate shall not do any of the following:

\* \* \*

(f) Knowingly misrepresent his or her identity, qualifications, present position, or other fact or the identity, qualifications, present position, or other fact of an opponent.

\* \* \*

**(D) Campaign Standards.** During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall not knowingly or with reckless disregard do any of the following:

\* \* \*

(4) Use the term "re-elect" when the judicial candidate has never been elected at a general or special election to the office for which he or she is a judicial candidate.

The crux of this alleged violation relates to statutory change to the jurisdiction of what is interchangeably referred to in the record as the Lorain County Court of Common Pleas, Domestic Relations Division, the Domestic Relations Court, or the Family Court. Whereas respondent was twice elected to the Domestic Relations Division when that division had jurisdiction over domestic relations and juvenile matters, the court to which respondent sought election in 2008 now has additional jurisdiction over probate matters. Complainant asserts that respondent cannot use the term "re-elect" in her campaign materials since she is seeking election to a judicial office that is different from the one in which she served from January 1995 until January 2007.

However, as noted by the hearing panel, the change in jurisdiction of the Lorain County Domestic Relations Division occurred as a result of statutory amendments that became effective January 1, 2006, while respondent was serving as a judge in that division. Effective that date, the jurisdiction of the Lorain County Domestic Relations Division was altered to include jurisdiction over probate matters, concurrent with the jurisdiction of the Probate Division of the Lorain County Court of Common Pleas. Thus, for approximately one year before the conclusion of her judicial service, respondent served in a court that had jurisdiction identical to that of the office to which she sought election in 2008. For these reasons, we concur in the determination of the hearing panel that complainant failed to establish, by clear and convincing evidence, that respondent violated Canon 7(B)(2)(f) or (D)(4) by using the term "re-elect" in her campaign communications.

## Count IV

Count IV of the complaint references a campaign postcard in which respondent included the phrase "Re-elect Democrat Paulette Lilly for Judge Domestic Relations Court." The complaint alleges that respondent ran as a Republican nominee and candidate in her successful 1994 and 2000 campaigns and that her communication to voters to re-elect her as a Democrat in the 2008 primary constitutes a knowing misrepresentation of her "identity, qualifications, present position, or other fact" in violation of Canon 7(B)(2)(f).

The hearing panel found, by clear and convincing evidence, that this phrase constituted a knowing misrepresentation of fact because respondent had not previously been elected as a Democratic

candidate or nominee. Because we find the phrase in question to be susceptible of different interpretations, we disagree with the panel's finding and conclusion. The phrase "Re-elect Democrat Paulette Lilly for Judge Domestic Relations Court" can be read, as it is by the complainant and hearing panel, to suggest that respondent had previously been elected as a Democrat. However, an equally apparent reading is that respondent is simply conveying her party affiliation in a partisan primary, which is permissible under Canon 7(B)(3)(a)(iv). Given these equally possible and reasonable interpretations of the phrase, we conclude that complainant failed to establish a violation of Canon 7(B)(2)(f) by clear and convincing evidence.

## Count V

Count V of the formal complaint alleges a violation of Canon 7(B)(2)(f) based on a postcard circulated by respondent that includes a photograph of her in a judicial robe, with the phrase "12 years Judicial Experience 1995–2007" appearing at the bottom and to the right of the photograph. Although respondent's appearance in a judicial robe is somewhat questionable given that she does not presently serve as a judicial officer, she did serve in that capacity for 12 years. Therefore, we agree with the conclusion of the hearing panel that complainant failed to establish, by clear and convincing evidence, a violation of Canon 7(B)(2)(f) with respect to the allegations of Count V.

## Count VI

Count VI alleges that the cumulative effect of the campaign communications cited in Counts I through V created the impression of incumbency in violation of Canon 7(B)(2)(f) and Canon 7(D)(1). The hearing panel found, by clear and convincing evidence, that the cumulative effect of the communications that formed the basis for the violations alleged in Counts I, II, and IV of the formal complaint and that were established by clear and convincing evidence, created the impression that respondent was an incumbent judge running for reelection for continued service in the Domestic Relations Court.

To analyze the allegation contained in Count VI, we must examine all of the campaign materials introduced in evidence at the hearing, including the prepackaged towelette, the postcard, and the newspaper advertisement. Together, these materials make up the coordinated campaign message that respondent conveyed to the voters of Lorain County.

As noted in the record and our review of Counts I and II, the label affixed to the prepackaged towelette was used by respondent in her prior campaign for judicial office when she was, in fact, running as an incumbent. Although it may have been a matter of convenience to simply write-in the word "FOR" in an attempt to conform the message to the mandates of Canon 7, it would have been equally convenient and far more proper to print new labels that placed the words in the order mandated by Canon 7(D)(3). Respondent's postcard pictured her in a judicial robe, although she presently holds no position as a judicial officer that would require or permit her to wear a robe. That same postcard contains a series of quotes, phrased in the present tense, that further the suggestion of incumbency. The postcard and newspaper advertisement prominently feature the word "re-elect" at the top of each communication and carry the disclaimer "Paid for by the Committee to Re–Elect Paulette Lilly Judge."

There are portions of respondent's campaign materials that counter the impression of incumbency. The picture of respondent in a judicial robe is accompanied by the dates "1995–2007," thus indicating her service ended at some unspecified point during the year prior to the primary election. The quotations that appear on the postcard are followed by a reference to the date of the publication that includes these quotations, perhaps allowing a careful reader to conclude that the statements may not represent a commentary on her present judicial service or qualifications. Finally, the postcard includes the phrase, "Bring a Qualified Woman to the Family Court," suggesting that respondent does not presently serve on that court.

Nonetheless, our impression of these materials is that respondent knowingly developed and disseminated a coordinated series of campaign advertisements that knowingly were designed cumulatively to highlight her judicial service and create the inference that she was an incumbent judge seeking to retain her position on the Lorain County Domestic Relations Court. In reviewing

allegations of judicial campaign misconduct, a prior five-judge commission adopted the definition of "knowingly" contained in R.C. 2901.22(B), which states that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result * * *." See *In re Judicial Campaign Complaint Against Carr* (1995), 74 Ohio Misc.2d 81, 88, 658 N.E.2d 1158. From the totality of the record before us, there is clear and convincing evidence that respondent was aware that the overall content of her campaign communications would likely cause some voters to conclude that she was an incumbent judge, a conclusion that could affect the outcome of a closely contested election. For these reasons, we find that respondent violated Canon 7(B)(2)(f) and (D)(1).

Sanction

We agree with the recommendation of the hearing panel to impose a fine of $100 for each violation of Canon 7, that respondent be assessed the costs of these proceedings, and that the payment of costs be suspended. Accordingly, it is the order of this commission that respondent shall be fined $300, that respondent be assessed the costs of these proceedings, and that the payment of costs be suspended on the condition of no future violation of the Code of Judicial Conduct related to campaign conduct. Payment of the fine shall be made within 30 days of this date.

The Secretary shall issue a statement of costs before this commission and instructions regarding the payment of the fine and costs. This opinion shall be published by the Supreme Court Reporter in the manner prescribed by Gov.Bar R. V(8)(D)(2).

**So Ordered.**

_____
Judge Jeffrey Froelich, Chair

_____
Judge Lillian Greene

_____
Judge Frederick Hany

_____
Judge Dana Preisse

_____
Judge Russell Steiner

Dated:          April 18, 2008